IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL E. TACCINO, SR.,**

    Plaintiff,

v.

**ROSE COMMUNITY MANAGEMENT, LLC,
POTOMAC HEIGHTS APARTMENTS,
KAREN SUTHERLAND, RESIDENT
MANAGER,
TRANSUNION CREDIT BUREAU,
HUNTER WARFIELD, INC.**

    Defendants.

CIVIL ACTION NO.: 3:19-CV-133
(GROH)

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

Pending before the Court is Plaintiff Michael E. Taccino, Sr.'s ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B).

### II.    THE COMPLAINT

On August 15, 2019, Plaintiff filed the instant pro se Complaint alleging abusive debt collection practices against Rose Community Management LLC, Potomac Heights Apartments, Karen Sutherland, TransUnion Credit Bureau, and Hunter Warfield Inc. ECF No. 1. These claims arise subsequent to a civil action filed by the Plaintiff against

Defendant Rose Community Management, LLC and counterclaims related thereto filed in state court.[1] Plaintiff claims that the state court dismissed the Plaintiff's claims and the Defendant's counterclaims, ruling that "each side bear its own costs." In this action, Plaintiff claims that Defendants have harmed him by "their efforts to collect their false claim." Id. at 6. Plaintiff does not provide any substantive facts demonstrating actions to collect the alleged "false" debt but offers merely labels and conclusions. Plaintiff has no amount listed for compensatory and/or punitive damages either in the complaint or on the civil cover sheet filed with his complaint. Id. at 8.

### III. LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with his request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. §

---

[1] The Plaintiff sought to recover expenses associated with the uninhabitability, moving expenses, and discrimination damages under the American with Disability Act and Defendant counterclaimed for eviction and two months of rental payments withheld by Plaintiff during the litigation.

1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp.,

309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must be raised sua sponte by the court"). Original subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).. Plaintiff's civil cover sheet alleges both diversity and federal-question jurisdiction. ECF No. 1-1, at 1.

### IV.    DISCUSSION

#### A. Diversity Jurisdiction

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed

$75,000.00. Id. Here, Plaintiff is a citizen of West Virginia and two of the named Defendants are citizens of West Virginia. Additionally, Plaintiff has no amount listed for compensatory and punitive damages, so the Court would presume that the amount in controversy is below the $75,000 threshold. Accordingly, the Court finds there is no diversity jurisdiction. See ECF No. 1, at 3–6; ECF No. 1-3. Because there is no diversity jurisdiction, this Court would have subject-matter jurisdiction only if Plaintiff has sufficiently plead a cause of action under federal law.

### B. Federal Question Jurisdiction

Plaintiff's civil cover sheet and complaint indicates that Plaintiff is asserting claims under federal statutes 15 U.S.C. § 1631, 1681[2], and § 1692e. Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp, 660 F. Supp. at 650. In this complaint, the federal statutes cited by Plaintiff, 15 U.S.C. § 1631 and §1681, are merely definitional and do not provide a cause of action under federal law. As for his claim pursuant to 15 U.S.C. § 1692e, a cause of action may exist under federal law if properly plead. Because the reviewing court must construe pro se complaints liberally, the undersigned will assume federal-question jurisdiction exists as to 15 U.S.C. § 1692e and proceed to determine whether Plaintiff has properly plead or failed to state a claim as to this federal question. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[2] In his civil cover sheet, Plaintiff asserts 15 U.S.C. § 1681, but in his complaint he asserts 15 U.S.C. § 1631.

### C. Failure to State a Claim

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))(citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. Plaintiff alleges that as a result of the dismissal of a state court civil eviction case, any debt owed by him to Defendants Rose Community Management, LLC and Potomac Heights Apartments was discharged.[3] ECF No. 1. He further asserts that this debt (that he claims was discharged) has been transferred to a co-defendant and derogatory information was sent to Defendant Transunion by Defendant Potomac Heights Apartments and Defendant Karen Sutherland, its resident manager.[4] However, Plaintiff fails to assert that any collection action has been pursued against him as required by 15 U.S.C. § 1692e. ECF No. 1.

The undersigned concludes that merely citing federal statutes does not establish a cause of action under federal law. As stated above, the federal statutes cited by Plaintiff, 15 U.S.C. § 1631 and §1681, are merely definitional and do not provide a cause of action under federal law. As for his claim pursuant to 15 U.S.C. § 1692e, he fails to assert that a debt collector has used any false, deceptive, or misleading representation or means to collect a debt against him, which is an essential element for a cause of action under this statute. Id. Therefore, merely citing to these statutes does

---

[3] The state court order was not attached. Therefore, other than Plaintiff's representations, the disposition of the claims of the respective parties is unclear. In fact, it is unclear whether Rose Community Management LLC was the only Defendant in the state action or whether Potomac Heights Apartments was also a Defendant.
[4] The content of the alleged transmitted derogatory information is unknown.

not give rise to a cause of action under federal law. The Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Plaintiff be given thirty (30) days to file an Amended Complaint and Motion for Leave to Proceed In Forma Pauperis. If Plaintiff fails to file an Amended Complaint in that time period, I **RECOMMEND** Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis should be **DENIED AS MOOT**.

Plaintiff, Michael E. Taccino, Sr., shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 27th day of September, 2019.

*Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE